UTICA,
Aug. 1826.
Prescott
v.
Roberts.

*J. A. Spencer*, now moved, (*ex parte*,) for an alternative mandamus, commanding them to quash the appeal ; and cited laws of 1824, *sess.* 47, *ch.* 238, *p.* 294, *s.* 36, and *Harwood* v. *French*, (4 *Cowen*, 501.)

The motion was not opposed ; but

---

**Prescott** *against* **Roberts**, impleaded with *Hibbard*.

The venue in this cause was at first laid in the county of *Onondaga* ; and was noticed for trial and inquest there, at the last *March* circuit. To prevent an inquest, and put the plaintiff to the regular course of the calendar, the defendant filed with the circuit clerk the usual affidavit of merits; and served a copy on the plaintiff's attorney. The cause not being then tried, the venue was changed to the county of *Rensselaer*, by stipulation between the par-

One affidavit of merits to prevent an inquest is sufficient, though the cause be several times noticed for trial and inquest. And if filed and served on the plaintiff's attorney, for a circuit in one county, it is sufficient, though the venue be afterwards changed to another county, and the cause be tried in the latter.

UTICA,
Aug. 1826.

Lombard
Bank
v.
Thorp.

ties. The plaintiff then noticed the cause for trial and inquest, at the last *June* circuit in *Rensselaer*, when an inquest was taken against the defendant in the cause out of its order on the calendar ; no new affidavit of merits being filed and served by the defendant, in order to prevent this.

A motion was now made, on the part of the defendant, to set aside that inquest, and all subsequent proceedings, for irregularity ; and 6 *John. Rep.* 19, 2 *Dunl. Pract.* 686, and 4 *Cowen*, 539, 540, were cited in support of the motion.

*J. Watson*, for the motion.

*J. Fleming*, jun. contra.

*Curia.* We held, (4 *Cowen*, 540,) that a single affidavit of merits extends throughout the whole progress of the cause ; that there is no need of one at every circuit at which the cause may be noticed. This was, however, of a cause where there had been no change of venue. The affidavit filed at *Onondaga* was not notice to the circuit judge at *Rensselaer* ; but it was notice to the attorney for the plaintiff. This was enough. A change of venue does not vary the principle. The motion must be granted. But as the precise point has not before been decided, we grant the motion without costs.

Motion granted.